**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GLEN DELL COLLINS,<br><br>        Petitioner,<br><br>    vs.<br><br>JEFFREY BEARD,<br><br>        Respondent. | Case No. CV 14-3916-GW (JPR)<br><br>ORDER ACCEPTING FINDINGS<br>AND RECOMMENDATIONS OF<br>U.S. MAGISTRATE JUDGE |

    The Court has reviewed the Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge. <u>See</u> 28 U.S.C. § 636. The R&R recommends that Respondent's motion to dismiss for lack of subject-matter jurisdiction be denied, finding that the Court has jurisdiction over the Petition because Petitioner had not yet served his full parole term in case number LA064018 when he filed the Petition and thus remained "in custody" on that conviction. On April 14, 2015, Respondent filed objections to the R&R, arguing for the first time that Petitioner's parole term in case number LA064018 was "subsumed" by his parole term in case number YA076901 and therefore he was not in custody when he filed the Petition. (Objections at 2-3.) Petitioner did not file a response or any objections of his own.

    On June 2, 2015, the Magistrate Judge ordered Respondent to

1  file additional briefing in support of his position, noting that
2  he had cited no authority for it nor explained it in detail and
3  stating that in light of the case law cited in the R&R, she
4  continued to believe that Petitioner was "in custody" when he
5  filed the Petition.  On June 9, 2015, Respondent's counsel filed
6  a declaration, stating that Respondent's argument in the
7  Objections "was made based on telephone conversations [counsel]
8  had with records personnel at North Kern State Prison" but that
9  counsel had been "unable to obtain a declaration from records
10 personnel to that effect."  (Sanchez Decl. ¶ 2.)  Moreover, she
11 conceded that she had been unable to "locate applicable authority
12 that explicitly supports Respondent's proposition that a parole
13 period for a determinate prison term is subsumed by the parole
14 period of a concurrent indeterminate term."  (Id. ¶ 3.)
15     Given the belated nature of Respondent's argument, the lack
16 of authority supporting it, and the case law cited by the
17 Magistrate Judge in the R&R, and having reviewed de novo those
18 portions of the R&R to which Respondent objected, the Court
19 accepts the findings and recommendations of the Magistrate Judge.
20     IT THEREFORE IS ORDERED that Respondent's motion to dismiss
21 the Petition for lack of subject-matter jurisdiction is DENIED
22 and Respondent must file an Answer to the Petition within 30 days
23 of the date of this Order.  All other terms of the Magistrate
24 Judge's May 28, 2014 case-management order remain in effect.

DATED: August 8, 2016

_____
GEORGE H. WU
U.S. District Judge